## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **GEORGE KING** | : | |
| **Plaintiff,** | : | **C.A.  06-11931** |
| | : | |
| **VS.** | : | |
| | : | |
| **LONG BEACH MORTGAGE** | : | |
| **COMPANY** | : | |
| **Defendant** | : | |

---

### AMENDED COMPLAINT

### INTRODUCTION

1. This action seeks redress against Long Beach Mortgage Company (hereinafter Long Beach)for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and or it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. G.L. ch. 140D §§1-34, and 209 C.M.R. part 32.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District.  Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

1

## PARTIES

4. Plaintiff George King resides at 27 Gretchen Way, Raynham, MA 02767.

5. Defendant Long Beach Mortgage Company is a Delaware corporation with its principal place of business at 1400 S. Douglas Road, Suite 100, Anaheim, CA 92806. Long Beach Mortgage Company's registered agent and office within Massachusetts is Corporation Service Company, 84 State Street, Boston, Massachusetts.

6. Long Beach enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Long Beach is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Long Beach is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about May 25, 2005 Plaintiff King and his wife obtained a loan from Long Beach, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiff King received or signed the following documents:

1. A note in the principal amount of $495,900;
2. A mortgage;
3. A Truth in Lending statement;
4. A Notice of Right to Cancel form; attached as Exhibit A; and

2

5. A HUD-1 Settlement Statement.

11. On or about September 13, 2006  Plaintiff King exercised his extended right to

rescind the loan for violations of TILA.  A notice of rescission was sent to Long Beach.  A Copy

of the notice is attached as Exhibit B.

12. On or about October 5, 2006 the Defendant refused to honor the Plaintiff's demand of

rescission. Copy of the Defendant's response to the Plaintiff's demand is attached herein as

Exhibit C.

## COUNT I - TRUTH IN LENDING ACT

13.  Plaintiff incorporates ¶¶ 1-12 as if fully set out herein.

14.  Because the refinance transaction referenced herein was secured by Plaintiff's home,

and was not entered into for purposes of the initial acquisition or construction of that home, it

was subject to the right to cancel provided by the MCCDA and or 15 U.S.C. §1635 and 12

C.F.R. §226.23 which provides that:

(a) Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained
or acquired in a consumer's principal dwelling, each consumer whose
ownership interest is or will be subject to the security interest shall have
the right to rescind the transaction, except for transactions described in
paragraph (f) of this section.[fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor
of the rescission by mail, telegram or other means of written
communication. Notice is considered given when mailed, when filed for
telegraphic transmission or, if sent by other means, when delivered to the
creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the
third business day following consummation, delivery of the notice
required by paragraph (b) of this section, or delivery of all material

3

disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. (Emphasis added) The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
(2) The consumer's right to rescind the transaction.
(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
(4) The effects of rescission, as described in paragraph (d) of this section.
**(5) The date the rescission period expires. . . .** (Emphasis added)

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
(2) A credit plan in which a state agency is a creditor.

15. By failing to indicate both the date of the transaction and the date by which the right to cancel had to be exercised, LongBeach failed to give Plaintiff King clear and conspicuous notice of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and the

Massachusetts counterpart under the MCCDA.

16.  As an  alternative theory of recovery, Plaintiff alleges that he did not receive the
appropriate number of copies of a completed Notice of Right to Cancel as required by Regulation
Z and the Massachusetts counterpart of the MCCDA.

17. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in
addition to rescission. Mass .G.L. ch. 140D § 10(g) is identical except for citation.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and
against Defendant Long Beach as follows:

1.  A declaration that Plaintiff is entitled to rescind;

2.  Rescission of the loan;

3.  Statutory damages;

4.  Attorney's fees, litigation expenses and costs.

5.  Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre
 Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
 Bar # 629056

5

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Christopher M. Lefebvre

## CERTIFICATION

I hereby certify that a copy of the above Amended Complaint was served upon counsel for the Defendant via the Court's CMECF filing system.

/s/Christopher M. Lefebvre

6

# Exhibit A

## NOTICE OF RIGHT TO CANCEL

LENDER: LONG BEACH MORTGAGE COMPANY

DATE      05/25/05
LOAN NO.  6470904-7923
TYPE      ADJUSTABLE RATE

BORROWERS/OWNERS GEORGE and JOAN KING

ADDRESS          27 GRETCHEN WAY
CITY/STATE/ZIP   RAYNHAM, MA 02767
PROPERTY         27 GRETCHEN WAY
                 RAYNHAM, MA  02767

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)   The date of the transaction, which is _____ ; or
(2)   The date you received your Truth in Lending disclosures; or
(3)   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
                    LONG BEACH MORTGAGE COMPANY
                    100 WALNUT AVE, FLR 6
                    CLARK, NJ 07066

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _____
                    (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

## I WISH TO CANCEL

_____          _____
SIGNATURE                                         DATE

---

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

| BORROWER/OWNER | DATE | BORROWER/OWNER | DATE |
|---|---|---|---|
| GEORGE R. KING | | JOAN KING | |

| BORROWER/OWNER | DATE | BORROWER/OWNER | DATE |
|---|---|---|---|

-64 (9712).01
VMP (04/03/01).PC

VMP MORTGAGE FORMS - (800)521-7291

12/97

# Exhibit B



FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
*ATTORNEYS & COUNSELORS AT LAW*

September 13, 2006

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Long Beach Mortgage Company
100 Walnut Ave. Flr 6
Clark, NJ 07066

Re: Notice of Rescission by George R. King of 27 Gretchen Way, Raynham, MA 02767;
Loan Number: 6470904-7923; Closing Date: 05/25/05.

To Whom It May Concern:

I represent George R. King concerning the loan transaction he and his wife entered into with Long Beach Mortgage Company on May 25, 2005.  Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass G.L. ch. 140D and 209 C.M.R. part 32.

The primary basis for the rescission is that Mr. King was provided incomplete and therefore inaccurate notices of his right to cancel, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23 and it's Massachusetts counterparts.

The security interest held by Long Beach Mortgage Company on the King's property located at 27 Gretchen Way, Raynham, MA is void as of this rescission.  Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
George R. King
By his Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

cc: George R. King

# Exhibit C

**Washington Mutual**
Legal Department
Mailstop: WMT1706
1201 Third Avenue
Seattle, WA 98101
(206) 490-5869 phone
(206) 377-1617 fax
kurt.schumacher@wamu.net

October 5, 2006

Christopher M. Lefebvre
Family and Consumer Law Center
P.O. Box 479
Pawtucket, Rhode Island 02862

Re:    Borrower:  George & Joan King
       Long Beach Mortgage Loan No.:  6470904-7923
       Closing Date:  05/25/06
       Property Address: 27 Gretchen Way, Raynham, MA  02767

Dear Mr. Lefebvre:

       We are in receipt of your letter dated September 13, 2006 demanding rescission
under the Truth in Lending Act (TILA) on the above captioned loan transaction.

       We have completed a full TILA analysis on the above captioned loan, and have
made the good faith determination that there are no TILA compliance issues for which
the right of rescission or any other award, penalty, recovery, or damages (under TILA or
otherwise) would be applicable.  Among other things, the final Truth in Lending
Disclosures and the Notice of Right to Cancel forms were completed properly, delivered
pursuant to the requirements of TILA and Regulation Z, signed by the appropriate
borrowers/consumers, and accurately indicate the proper APRs, finance charges, dates,
and all other material terms.

       Therefore Long Beach Mortgage will _not_ be honoring your rescission demand nor
terminating its security interest in the property securing these loans.

                        Sincerely,

                        W. Kurt Schumacher
                        First Vice President and Counsel